NO CV-71

George Alexander Lugo
606 Alamo Pintado Rd.
STE 3-126
Solvang, CA  93463
(323)-351-9123
Pro-Se Litigant

**FEE PAID**

FILED
CLERK, U.S. DISTRICT COURT
MAR 18 2022
CENTRAL DISTRICT OF CALIFORNIA
BY: ___RS___ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| George Alexander Lugo<br><br>Pro Se,<br><br>      Petitioner/Plaintiff,<br><br> v.<br><br>CITY OF REDONDO BEACH; REDONDO BEACH POLICE DEPARTMENT; CITY OF HERMOSA BEACH; HERMOSA BEACH POLICE DEPARTMENT; OFFICER MONTEIHL, OFFICER WEAVER; STEVEN WOOD; DOE DEFENDANTS.<br><br>      Respondent/Defendant | Case No.: **2:22-CV-01826-JAK-DFM**<br><br>COMPLAINT FOR DAMAGES:<br><br>**1. VIOLATION OF CIVIL RIGHTS – 42 U.S.C. § 1983**<br>**2. VIOLATION OF CIVIL RIGHTS – MONNELL CLAIM**<br>**3. VIOLATION OF PERSONAL RIGHTS – CAL. CIV CODE § 43**<br>**4. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**<br>**5. NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS.**<br>**6. LIBEL CAL CIV. CODE § 45**<br>**7. SLANDER CAL CIV. CODE § 46**<br>**8. BATTERY CAL CIV. CODE § 1708**<br>**9. USE OF EXCESSIVE FORCE** |

## **INTRODUCTION**

1. This is a Civil Rights Action brought by Pro Se Litigant George Alexander Lugo to seek relief for the violations of their rights secured by 42 U.S.C. § 1983 and the rights secured by the Fourth and Fifth Amendment to the United States Constitution and the rights secured under the Constitution of the State of California. Plaintiffs seek compensatory and punitive damages, injunctive and declaratory relief, and

such other relief as this Court deems equitable and just. On May 16, 2021, my Fifth Amendment rights were initially infringed upon by either Officer Montheil or Officer Weaver of Redondo Beach Police Department ordering me to sit down with no Reasonable Cause and I did, but there was no crime established and I found out about the Slander through an unreasonable interrogation with no evidence and no victim injured. The officer had gloves on, but no mask which exemplifies something else other than being a peace officer. As I realized after the interrogation no crime occurred, they committed Battery, Assault, False Imprisonment, and False Arrest under violation of CAL CIV. CODE § 1708, CAL CIV. CODE § 43, California Penal Code § 242. Furthermore, after the false arrest I was charged with California Penal Code § 241(c) Assault on a Police Officer, California Penal Code § 242 Battery, and California Penal Code § 148(a) which is a violation of CAL CIV. CODE § 45, CAL CIV. CODE § 46.

2. Plaintiffs, community activists, bring this action to challenge violations of their constitutional rights to engage in Fourth and Fifth Amendment protected activities to document, monitor and deter instances of Deprivation of Liberty working for self-determination, human rights, and freedom for people. We bring this incident to bring action against the City of Redondo Beach, City of Hermosa Beach, and Redondo Beach Police Department and Officer Monteihl, Officer Weaver, and Steven Wood for violations of 42 U.S.C § 1983, *Monell* Violations, False Imprisonment and False Arrest (Cal Civ. Code § 43 & PC California Penal Code 236), Intentional Infliction of Emotional Distress, Negligent Infliction of Emotional Distress, Defamation (Cal Civ. Code § 44), Libel (Cal Civ. Code § 45), Slander (Cal Civ. Code § 46), Battery and Assault (Cal Civ. Code § 1708 & California Penal Code 242 PC), and Identity Theft (California Penal Code 530.5 PC).

### **JURISDICTION**

3. Jurisdiction is conferred upon this Court by 28 U.S.C. § 1331 and 28 U.S.C. § 1343 based upon 42 U.S.C § 1983, as this action seeks redress for the violation of Plaintiffs' Constitutional and Civil Rights.

4. Plaintiffs' claims for declaratory and injunctive relief are authorized by Rule 57 of the Federal Rules of Civil Procedure.

5. Plaintiffs further invoke this Court's supplemental jurisdiction, pursuant to 28 U.S.C. § 1367(a), over any and all State Constitutional and State Law claims that are so related to the claims within the original jurisdiction of this Court that they form part of the same case or controversy.

6. Plaintiff brings this civil rights lawsuit pursuant to 42 U.S.C. Section 1983 to redress the deprivation by Defendants, at all times herein acting under color of state law, of rights, secured to Plaintiff under the Constitution of the United States, including the Fourth, Ninth, and Fourteenth Amendments and the California Constitution (Article 1, Sections 13 and 7).

7. Jurisdiction is conferred on this Court by 28 U.S.C. Sections 1343(a)(3) and (a)(4), which provide for original jurisdiction in this Court of all suits brought pursuant to 42 U.S.C. Section 1983. Jurisdiction is also conferred by 28 U.S.C. Section 1331 because claims for relief derive from the Constitution of the United States and the laws of the United States.

8. Venue is properly established in the United States District Court Central District for the State of California pursuant to 28 U.S.C. Section 1391, in that the events and circumstances herein alleged occurred in the City of Redondo Beach by Officers acting under color of Law, Los Angeles County, California, where jurisdiction is the United States District Court for the Central District of California located in Los Angeles, California as the punitive damages exceed the jurisdiction of the Superior Court of California.

**VENUE**

9. Venue is proper in the United States District Court Central District pursuant to 28 U.S.C. § 139l(b) and (c) as this pertains to the United States District Court.

## FIRST CAUSE OF ACTION

### Violation of Civil Rights – 42 U.S.C. § 1983

### (Plaintiff Lugo Against Officer Defendants)

10. Plaintiffs reallege and incorporate by reference each and every allegation contained in the preceding paragraphs 1 through 9, and the Factual Allegations, *supra*, as though fully set forth herein.

11. Defendants Officer Monteilh, Officer Weaver, and Officer Vantrimpont were, at all relevant times, law enforcement officers with the Redondo Beach Police Department who were acting under color of state law.

12. Officer Defendants, acting under color of state law, deprived Plaintiff of rights, privileges, and immunities secured by the Constitution and laws of the United States, including the rights of Due Process and Equal Protection secured by the Fifth and Fourteenth Amendments, and lack of Individual Officer prevention as established in *Byrd v. Brishke*, 466 F.2d 6 (7th Cir. 1972), by depriving life, liberty, and property when they assaulted, invaded the space, falsely arrested, and confiscated the bicycle of the Plaintiff.

13. As a result of the foregoing wrongful acts of Officer Defendants, and each of them, Plaintiffs suffered damages, including embarrassment, emotional distress, deprivation of liberty, and harm to reputation in an amount in accordance with proof.

14. In doing the foregoing wrongful acts, Officer Defendants, each of them, acted with reckless and callous disregard for the constitutional rights of the Plaintiff. The wrongful acts, and each of them, were willful, oppressive, fraudulent and malicious, thus warranting the award of punitive damages against

each individual Officer Defendant in an amount adequate to punish the wrongdoers and deter future misconduct.

## SECOND CAUSE OF ACTION

### Violation of Civil Rights – *Monell* Claim

### (Plaintiff Lugo Against Defendants City of Redondo Beach and Redondo Beach Police Department)

15. Plaintiffs reallege and incorporate by reference each and every allegation contained in the preceding paragraphs 1 through 17, and the Factual Allegations, *supra,* as though fully set forth herein.

16. Defendants City of Redondo Beach and Redondo Beach Police Department knowingly with gross negligence, and in deliberate indifference to the Constitutional rights of citizens, maintain and permit an official policy and custom of permitting the occurrence of the types of wrongs set forth hereinabove and hereafter.

17. These policies and customs include, but are not limited to, the deliberately indifferent training of law enforcement in the mishandling of criminal cases to be prosecuted, the ratification of police misconduct, and the failure to conduct adequate unbiased investigations of police misconduct such that future violations do not occur.

18. Plaintiff is informed and believe, and thereon allege, that the abovementioned customs and policies were the moving force behind the violations of Plaintiffs' rights. Based upon the principles set forth in *Monell v. New York City Dep't of Social Services*, Defendants City of Redondo Beach, Redondo Beach Police Department, Hermosa Beach Police Department, are liable for all of the injuries sustained by Plaintiff as set forth above.

19. As a proximate result of the foregoing wrongful acts of Defendants, and each of them, Plaintiff sustained damages, including embarrassment, emotional distress, and harm to reputation, in an amount in accordance with proof.

### THIRD CAUSE OF ACTION

### False Arrest and Imprisonment – Cal. Civ. Code § 43

**(Plaintiff Lugo Against Officer Defendants)**

20. Plaintiffs reallege and incorporate by reference each and every allegation contained in the preceding paragraphs 1 through 21, and the Factual Allegations, *supra,* as though fully set forth herein.

21. Plaintiff was wrongfully restrained, confined, and/or detained by Officer Monteihl.

22. Officer Monteihl intentionally deprived Plaintiff of his freedom of movement by use of physical force.

23. Plaintiff did not consent to the restraint, confinement, and/or detention.

24. Plaintiff was actually harmed and Officer Monteihl's conduct was a substantial factor in causing Plaintiff's harm.

25. The acts and/or omissions of Defendants Officers Monteihl, Weaver, Vantrimpont, and Steven Wood caused Plaintiff to suffer harm and economic damages, for the cost of medical psychological and/or psychiatric treatment, and Plaintiff is informed and believes that he may incur damages in the future for the cost of future care, in amounts according to proof at trial.

26. In committing the acts and/or omissions alleged, Defendants, and each of them have been guilty of malice, fraud, or oppression and, therefore, Plaintiff seeks an award of punitive damages against Defendants, and each of them, according to proof at trial.

27. The damages caused by Defendants are well in excess of the minimum subject matter jurisdictional amount of this Court and will be demonstrated according to proof.

28. Wherefore, Plaintiff demands judgement as hereafter set forth.

## FOURTH CAUSE OF ACTION

**Intentional Infliction of Emotional Distress**

**(Plaintiff Lugo Against All Defendants)**

29. Plaintiffs reallege and incorporate by reference each and every allegation contained in the preceding paragraphs 1 through 28, and the Factual Allegations, *supra,* as though fully set forth herein.

30. By fraudulent and unauthorized restraint at 100 Herondo St. Redondo Beach, CA 90277 with confinement at Los Angeles County Men's Central Jail. Officer Defendants perpetrated extreme and outrageous conduct against Plaintiff of a type that exceeds the bounds of decency tolerated in a civilized society.

31. Officer Defendants engaged in their extreme and outrageous conduct against Plaintiff with the intent to cause Plaintiff extreme emotional distress, or else with reckless disregard for the fact that extreme emotional distress in Plaintiff would result from this conduct.

32. Defendants City of Redondo Beach and Redondo Beach Police Department engaged in their extreme and outrageous conduct against Plaintiff with the intent to cause Plaintiff extreme emotional distress, or else with reckless disregard for the fact that extreme emotional distress in Plaintiff would result from this conduct.

33. Defendants' acts constitute the tort of Intentional Infliction of Emotional Distress under the laws of this State. Defendants' intentional infliction of emotional distress against Plaintiffs was a direct and proximate cause of harm to them. As a direct and proximate result of Defendants' intentional infliction of emotional distress, Plaintiff has suffered past and future damages in an amount according to proof at trial.

34. Defendants' wrongful conduct, alleged hereinabove, was willful, wanton, malicious, and oppressive in that Defendants intentionally inflicted emotional distress upon Plaintiff for the purpose of harming and injuring Plaintiff. This conduct, therefore, justifies the awarding of punitive damages in an amount sufficient to punish Defendants and deter others from engaging in similar conduct.

## FIFTH CAUSE OF ACTION

### Negligent Infliction of Emotional Distress

**(Plaintiff Lugo Against All Defendants)**

35. Plaintiffs reallege and incorporate by reference each and every allegation contained in the preceding paragraphs 1 through 36, and the Factual Allegations, *supra,* as though fully set forth herein.

36. Officer Defendants and Defendants City of Redondo Beach and Redondo Beach Police Department owed a duty to Plaintiff to exercise due care in carrying out their law enforcement functions so as not to create unreasonable risk of harm to Plaintiff.

37. Defendant Officers Monteihl and Weaver breached their duty by unjustifiably restraining and placing a false arrest upon Plaintiff and assassinating the Plaintiff's character claiming he is a violent person.

38. The story from Discovery also shows the wrong depiction of the subjects as there was no skateboard to be found on the scene and there were no marks or signs of massive abrasion on Steven Wood to warrant any Reasonable Suspicion of the crime occurring.

39. Defendant Officers Monteihl and Weaver owed a duty to Plaintiff to conduct themselves with due care, and to behave in such a manner as to avoid creating an unreasonable risk of harm to Plaintiff.

40. Defendant Officers Weaver and Monteihl breached their duty by unlawfully and fraudulently placing the Plaintiff under arrest and confinement.

41. As a direct, proximate, and foreseeable result of Defendants' conduct, Plaintiff suffered shame, humiliation, and severe emotional distress. Plaintiff accordingly suffered special and general damages in excess of the jurisdictional limit of this Court.

### SIXTH CAUSE OF ACTION
### DEFAMATION (LIBEL PER SE) – CAL CIV. CODE § 45
### (Plaintiff Lugo Against Officer Defendants and Steven Wood)

42. Plaintiffs reallege and incorporate by reference each and every allegation contained in the preceding paragraphs 1 through 42, and the Factual Allegations, *supra,* as though fully set forth herein.

43. Before the false accusations of assault against a police officer. George Alexander Lugo has been fighting his way out of poverty due to a separate incident of Securities Fraud that occurred several years before this incident. Studying Computer Science and learning the languages of HTML, CSS, Javascript, React, Vue, Ruby, and PHP he has tried to countlessly attain positions, but has been subject to attacks by many individuals including the police stating many false claims and statements about the individual for years.

44. On or around May 16, 2021, Defendants portrayed George Alexander Lugo as a bad actor in the community by saying that he spit and resisted arrest against Officer Weaver and Officer Monteihl. The allegation has been placed on George Alexander Lugo's arrest and criminal record with or without conviction.

45. Before the time of the incident it is to believe that the defendants and the city of Redondo Beach meticulously are believed by the plaintiff to potentially conspire to in fact, negligently, recklessly, and intentionally cause excessive and unsolicited dissemination of defamatory statements, of and concerning Plaintiff, to third persons, who had no need or desire to know. Which introduces a false witness of Steven Wood.

46. Steven Wood claims to have been pushed of his bicycle, but during the entire incident George Alexander Lugo was walking with his own bicycle in hand which makes the incident near impossible. They also committed false claims of screaming at passersby, but in actuality there were no passersby as it was the evening and the Plaintiff just crossed the border from Hermosa Beach, CA to Redondo Beach, CA.

47. The above complained-of statements by Defendants, and each of them, were made with hatred and ill will towards the Plaintiff and the design and intent to injure Plaintiff, Plaintiff's good name, his reputation, employment, and employability. Defendants, and each of them, published this statement, not with an intent to protect any interest intended to be protected by any privilege but with negligence, recklessness, and/or an intent to injure Plaintiff and destroy his reputation. Therefore, no privilege existed to protect any of the Defendants from liability for any of these statements.

48. As a proximate result of the publication and charges places on public record against the Plaintiff has suffered injury to his personal, business, and professional reputation including suffering embarrassment, humiliation, severe emotional distress, shunning, anguish, fear, loss of employment, and employability,

and significant economic loss in the form of lost wages and future earnings, all to Plaintiff's economic, emotional, and general damage in an amount according to proof.

49. Defendants, and each of them, committed the acts alleged herein recklessly, maliciously, fraudulently,

50. Plaintiff is informed, believes, and fears that these false and defamatory per se statements will continue to be made by Defendants and others throughout the County of Los Angeles, and each of them, and will be foreseeably recirculated by their recipients, all to the ongoing harm and injury to Plaintiff's business, professional, and personal reputations. Plaintiff also seeks redress in this action for all foreseeable statements, including his own compelled self-publication of these defamatory statements.

51. These statements were outrageous, negligent, reckless, intentional, and maliciously circulated and recirculated by Defendants, and each of them. Plaintiff is informed and believes that the negligent, reckless, and intentional statements by Defendants, and each of them, were and continue to be foreseeably circulated and recirculated by Defendants, their agents, employees, and recipients in the community.

52. None of the Defendants' defamatory statements against Plaintiff referenced above are true.

53. The above defamatory statements were understood as assertions of fact, and not as opinion. Plaintiff has had countless incidents of Defamation and sees this continuing due to many factors.

54. Each of these false defamatory per se statements were negligently, recklessly, and intentionally published in a manner equaling malice and abuse of any alleged conditional privilege (which Plaintiff denies existed), since the statements, were made with hatred, ill will, and an intent to vex, harass, annoy, and injure Plaintiff in order to justify the cruel and illegal actions of Defendants, and each of them, to

cause further damage to Plaintiff's professional and personal reputation, and to cause him to be turned down and/or fired from future employment, especially in Los Angeles, California.

55. The Defendants published these statements knowing them to be false and unsubstantiated by any reasonable investigation.

56. As a result of this George Alexander Lugo has had an increasingly difficult time securing a position as a Software Engineer for many companies as they run a background check and see that he has pending charges against a peace officer.

57. With this at hand has also harmed the Plaintiff's economic standing even further as the individual has fought relentlessly to get out of poverty and achieve a normal middle-class life. Hampered by student loans and unresolved debt from a Securities Fraud case still at hand, George Alexander Lugo is having worse trouble than needed nor warranted.

## SEVENTH CAUSE OF ACTION

### DEFAMATION (SLANDER PER SE) – CAL CIV. CODE § 46
### (Plaintiff Lugo Against Officer Defendants and Steven Wood)

58. Plaintiffs reallege and incorporate by reference each and every allegation contained in the preceding paragraphs 1 through 57, and the Factual Allegations, *supra,* as though fully set forth herein.

59. Plaintiff is informed and believes Defendants, and each of them, by the herein-described acts, conspired to, and in fact, did negligently, recklessly, and intentionally cause external statements of slander, of and concerning Plaintiff, to third persons and to the community.

60. On May 16, 2021, Defendant Steven Wood made a call and wanted to proceed in pressing charges against Plaintiff George Alexander Lugo it is known in the Statements of Fact that there were no visible

marks or abrasions in the charge of battery. Defendant Steven Wood has used falsehoods to disparage Plaintiff George Alexander Lugo as a violent person. There have been numerous incidents of this Slander throughout George Alexander Lugo's lifetime and the Plaintiff see's this as a reoccurring incident until punitive damages are sought to prevent this action from occurring.

61. The slanderous statements consisted of oral, knowingly false, and unprivileged communications, tending directly to injure Plaintiff and Plaintiff's personal, business, and professional reputation. These statements included the following false and slanderous statements (in violations of Cal. Civ Code §§ 45, 45a, and 46(3)(5)) with the meaning and/or substance: that George Alexander Lugo committed battery upon Steven Wood, Officer Monteihl, and Officer Weaver. Furthermore, that I spat on Officer Monteihl and Officer Weaver.

62. Plaintiff is informed, believes, and fears that these false and slanderous per se statements will continue to be made by Defendants, and each of them, and will be foreseeable recirculated by their recipients, all to the ongoing harm and injury to Plaintiff's business, professional, and personal reputations. Plaintiff would also like to see a concealment of arrest record for the incident occurred.

63. None of Defendants' slanderous statements against Plaintiff referenced above are true.

64. The above slanderous were understood as assertions of fact, and not as opinion. Plaintiff believes this slander will continue to be negligently, recklessly, and intentionally published and foreseeably republished by Defendants, and each of them, and foreseeably republished by recipients of Defendants' statements, thereby causing additional injury and damages for which Plaintiff seeks redress by this action.

65. Each of these false slanderous per se statements (as set forth above) were negligently, recklessly, and intentionally published in a manner equaling malice, and abuse of any alleged conditional privilege (which Plaintiff denies existed), since the statements, and each of them, were made with hatred, ill will,

and an intent to vex, harass, annoy, and injure Plaintiff in order to justify the illegal and cruel actions of Defendants, and each of them, to cause further damage to Plaintiff's professional and personal, reputation, and cause him to turned and/or fired from future employment, especially in Los Angeles, California.

66. Each of these statements by Defendants, and each of them, were made with knowledge that no investigation supported the unsubstantiated and obviously false statements. The Defendants reported false statements and pressed charges knowing them to false and unsubstantiated by any reasonable investigation. These acts of malice and fraud were known by Defendants, and each of them, to be negligent to such a degree to be reckless. In fact, not only did Defendants and each of them, have no reasonable basis to believe these statements, but they also had no belief in the truth of these statements as it is shown that they cannot produce any evidence of battery. Defendants, and each of them, excessively, negligently, and recklessly published these statements to individuals with no need to know, and who made no inquiry, and who had a mere general or idle curiosity of this information.

67. The above complained-of statements by Defendants, and each of them, were made with hatred and ill will towards Plaintiff and the design and intent to injure Plaintiff, Plaintiff's good name, his reputation, employment, and employability. Defendants, and each of them, published these statements, not with an intent to protect any interest intended to be protected by any privilege, but with negligence, recklessness, and/or an intent to injure Plaintiff and destroy his reputation. Therefore, no privilege existed to protect any of the Defendants from liability for any of these aforementioned statements.

68. As a proximate result of the publication and republication of these slanderous statements by Defendants, and each of them, Plaintiff has suffered injury to his personal, business, and professional reputation including suffering embarrassment, humiliation, severe emotional distress, shunning, anguish, fear, loss of employment, and employability, and significant economic loss in the form of lost wages and future earnings, all to Plaintiff's economic, emotional, and general damage in an amount according to proof.

69. Defendants, and each of them, committed the acts alleged herein recklessly, maliciously, fraudulently, and oppressively, with the wrongful intention of injuring the Plaintiff, for an improper and evil motive amounting to malice, and with a reckless and conscious disregard of Plaintiff's rights. All actions of Defendants, and each of them, their agents and employees, herein alleged were known, ratified, and approved by the Defendants, and each of them. Plaintiff thus is entitled to recover punitive and exemplary damages from Defendants, and each of them, for these wanton, obnoxious, and despicable acts in an amount based on the wealth and ability to pay according to proof at time of trial.

70. Plaintiff has been damaged in an amount in excess of the jurisdictional limits of the Superior Court of California.

71. The above complained-of statements by Defendants, and each of them, were made with hatred

72. The Plaintiff sees this as a countermeasure to deter the abuse, malice, assault, and false imprisonment of an individual.

## EIGHTH CAUSE OF ACTION
### BATTERY CAL CIV. CODE § 1708
**(Plaintiff Lugo Against Officer Defendants)**

73. Plaintiffs reallege and incorporate by reference each and every allegation contained in the preceding paragraphs 1 through 74, and the Factual Allegations, *supra,* as though fully set forth herein.

74. When putting George Alexander Lugo under unlawful restraint they slammed George Alexander Lugo's face into the ground which caused a bruising on the top of his cheek bone. Luckily the Plaintiff did not suffer any fractures, but did suffer some small abrasions on his knees during the restraint.

75. The Officers acted unlawfully in the restraint of George Alexander Lugo as he did accept interrogation and there was no crime established. As George Alexander Lugo walked away as there was no reasonable suspicion to interrogate him in the first place as there was no skateboard on the scene nor does George Alexander Lugo recall seeing Steven Wood and there is no video showing Steven Wood actually in the video when the Officers restrained George Alexander Lugo.

76. The Officer Defendants representing the City of Redondo Beach Police Department's act of intentionally bringing about harmful contact and restraint with the Plaintiff George Alexander Lugo constitutes the tort of Battery under the laws of this State.

77. As a direct and proximate result of the Officer Defendant's battery against George Alexander Lugo, George Alexander Lugo has suffered past and future general damages, and past and future special damages in an amount according to proof at trial.

78. In engaging in the conduct as hereinabove alleged, the Officer Defendants acted with malice, fraud, and oppression and/or in conscious disregard of George Alexander Lugo's health, rights, and wellbeing, and intended to subject George Alexander Lugo to unjust hardship thereby warranting an assessment of punitive damages in an amount sufficient to punish the Officer Defendants and deter others from engaging in similar conduct.

**NINTH CAUSE OF ACTION**
**USE OF EXCESSIVE FORCE –**
**PENAL CODE, §§§ 236, 237, 693,**
**CIVIL CODE §§§ 51, 52, 3294**
**(Plaintiff Lugo Against Officer Defendants)**

79. Plaintiffs reallege and incorporate by reference paragraphs 1 through 80, and the Factual Allegations, *supra*, as though fully set forth herein.

80. On or about May 16, 2021, Defendants exceeded any and all bounds of privilege of any defense, if any existed, regarding the Slander by Steven Wood, when George Alexander Lugo's life, liberty, and property was deprived without no due process of law including the false arrest and the abuse that occurred.

81. As a proximate result, all Defendants, directly and through the acts of each of other, ratified the behavior of each other, adopting the conduct of each other, the liability of each other, by and through, including but not limited to, the doctrines of *respondeat superior*, vicarious liability, conspiracy, apparent authority, agency, are in violation of California Civil Code 51, 52, 3294, etc., and subject to Penal Code sections 236, 237, 693 etc., and other laws and statutes, *People v. Alexander* (1922) 56 Cal. App. 437, *People v. Hubbard,* (1923) 64 Cal App. 4th 27.

82. As an actual and proximate result of all of the Defendants' conduct, Plaintiff has suffered, and continues to suffer, general and special damages, including but limited to, physical and mental injuries, medical expenses, losses in earnings, bonuses, deferred compensation and other employment benefits and have suffered and continue to suffer pain, suffering, embarrassment, humiliation, emotional distress, severe emotional distress, and mental anguish in an amount according to proof.

83. Defendants engaged in the vicious conduct maliciously, willfully, and oppressively, and with the intent to harm Plaintiff George Alexander Lugo. Defendants engaged in despicable conduct and acted with a conscious disregard of Plaintiffs' rights and with intent to vex, injure, or annoy Plaintiff as to constitute oppression, fraud, or malice with punishable with exemplary damages under California Civil Code Sections 51, 52, 3294, etc.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgement as follows:

    A. A declaratory judgement that the actions, conduct, and practices of Defendants complained of herein violated the laws of the State of California and United States;

B. An injunction and order permanently restraining Defendants from engaging in such unlawful conduct;

C. An award of damages, in a sum in excess of the jurisdictional minimum of the United States District Court of California, to be determined at trial, plus prejudgment interest, to compensate Plaintiff for all monetary and/or economic harm, including, but not limited to, the loss of past and future income, wages, compensation, and other benefits of employment;

D. An award of damages, in a sum in excess of the jurisdictional minimum of the United States District Court, to be determined at trial, plus prejudgment interest, to compensate Plaintiff for all non-monetary and compensatory harm, including, but not limited to, compensation for his depression, humiliation, embarrassment, harm to his personal and professional reputations and loss of career fulfillment;

E. An award of damages for any and all other monetary and/or non-monetary losses suffered by Plaintiff in an amount to be determined at trial, plus prejudgment interest;

F. An award of punitive damages;

G. An award of costs that Plaintiff has incurring in this action, as well as Plaintiff's reasonable attorneys' fees and costs of prosecuting this action to the fullest extent permitted by law;

H. For such other and further relief as the Court deems just and proper.

## **JURY DEMAND**

1. Plaintiffs demand a trial by jury in this action on each and every one of their claims.